UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON DAVID SIMONEAUX                                    CIVIL ACTION

VERSUS                                                                     NO. 16-15043

TERREBONNE PARISH                                           SECTION "N"(3)
SHERIFF'S OFFICE, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Aaron David Simoneaux, filed this *pro se* and *in forma pauperis* complaint against the Terrebonne Parish Sheriff's Office, Judge George Larke, Jr., Deputy Michael Neyland, and Detective Donald Bourg. On two occasions thereafter, the undersigned United States Magistrate Judge attempted to hold Spears hearings in this case to examine the basis of plaintiff's claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989). However, neither of those hearings could ultimately be held because plaintiff failed to keep the Court apprised of his current address. See Rec. Docs. 11 and 18. On this date, the undersigned's staff again confirmed that plaintiff is not currently incarcerated at the St. Mary Parish Jail, his address of record.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. Moreover, it is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my

responsibility to keep the Court informed of my whereabouts and failure to do so may result in this complaint being dismissed with prejudice." Rec. Doc. 4-1, p. 8.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to hold a Spears hearing in this matter or to otherwise advance this case on the docket. Therefore, plaintiff's complaint should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this fifteenth day of February, 2017.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.